IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DISTRICT

| | |
|---|---|
| The Estate of ROSE A. TROUPE by and through FLORA E. SMITH, Administrix of the Estate of ROSE A. TROUPE, for the use and benefit of the Estate of ROSE A. TROUPE, and for the use and benefit of the wrongful death beneficiaries of ROSE A. TROUPE | PLAINTIFF |
| V. | CASE NO. 1:03CV40 |
| BEVERLY ENTERPRISES-MISSISSIPPI, INC.; BEVERLY HEALTH AND REHABILITATION SERVICES, INC; CAMBRIDGE INTEGRATED SERVICES GROUP, INC.; JAMES C. LANDERS; DAVID DEVEREAUX; DEBORAH H. SPENCE; JOHN DOES 1-10; and UNIDENTIFIED ENTITIES 1-10 (as to BEVERLY HEALTHCARE-EASON BOULEVARD) | DEFENDANTS |

## MEMORANDUM OPINION

This cause comes before the Court on the plaintiff's motion for remand [44-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is the estate of the late Rose A. Troupe, as represented by her administrix, Flora E. Smith ("the Estate"). The defendants include a number of corporations and persons involved in running the nursing home where Troupe resided up until the time of her death (collectively "the removing defendants"). Only one of these defendants is a resident of Mississippi: Deborah H. Spence, who served as Nursing Home Administrator at the facility where Troupe resided during the time of the incidents giving rise to this lawsuit.

Troupe was a resident of Beverly Healthcare-Eason Boulevard for approximately one month in 2002 prior to her death. On December 16, 2002, the Estate filed suit in the Lee County Circuit

Court against the removing defendants and Gary B. Stafford, who was allegedly the nursing home administrator, claiming that Troupe's suffering and death were the result of the defendants' failure to provide adequate care for Troupe. The complaint alleged claims of negligence, gross negligence, and state wrongful death and survival statutes as to all Defendants. The complaint also made specific charges against Stafford for: (1) the failure to hire an adequate amount of nursing personnel and other employees to ensure that Troupe received adequate treatment and care, (2) the failure to properly supervise the nursing personnel, (3) the failure to properly train the nursing personnel, and (4) the failure to ensure that adequate records detailing Troupe's treatment were prepared and maintained.

On or about January 13, 2003, the Estate amended its complaint to replace Stafford with Spence, who was the actual hospital administrator during the time period at issue. On January 27, 2003, the defendants removed the case to federal court, alleging that Stafford was fraudulently joined to defeat diversity. The defendants subsequently filed an amended notice of removal taking into account the change in the style of the case.

On February 20, 2003, the Estate filed its first motion for remand. After the motion was fully briefed but before it was ruled upon, the Court dismissed the first motion and stayed the case pending ruling by the Fifth Circuit in the case of Gray ex rel Rudd v. Beverly Enterprises-Mississippi, 390 F.3d 400 (5th Cir. 2004)("Gray II"). The Gray case involved the same defendants and ultimately turned on the same issue underlying the instant motion: whether there was a reasonable possibility of recovery against a nursing home administrator for negligence, medical malpractice and other related claims despite the fact that the administrator was an agent of a disclosed principle. In his opinion denying the plaintiffs' motion for remand, Judge Barbour had previously answered this

2

question in the negative, and the defendants in the instant case relied heavily on his opinion in arguing against remand. See Gray ex rel Rudd v. Beverly Enterprises-Mississippi.261 F.Supp. 2d 652 (S.D. Miss. 2003)("Gray I"). In addition to staying the case, the Court also advised the parties that the stay would be lifted after the Fifth Circuit had ruled and directed them to file a new remand motion and accompanying memoranda to take the ruling into account. On November 9, 2004, the Fifth Circuit issued its ruling in Gray II, reversing the lower court ruling and instructing the lower court to remand the case back to state court. Subsequently, the plaintiffs duly filed a renewed motion for remand. As of this writing, the defendants have not responded, even though several months have passed.

In order to prove fraudulent joinder, the defendants must either show that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). In reviewing allegations of fraudulent joinder, the Court does not conduct an evidentiary hearing, but utilizes a summary judgment-like procedure. Delgado v. Shell Oil Co., 231 F.3d 165, 179 (5th Cir. 2000). Under this procedure, the Court may pierce the pleadings to determine whether, under Mississippi law, the plaintiffs have a valid claim against the in-state defendants. LeJeaune v. Shell Oil Co., 950 F.2d 267,271 (5th Cir. 1992). The removing party bears the burden of demonstrating fraudulent joinder, and all disputed questions of fact and ambiguities in controlling state law are resolved in favor of the non-removing party. LeJeaune, 950 F.2d at 271.

The sole legal issue before the Court in the instant case is whether the plaintiffs have a reasonable possibility of recovery against Deborah Spence, the nursing home administrator and the

3

sole in-state defendant.  If such a reasonable possibility exists then complete diversity is destroyed and remand is proper.  In deciding Gray II, the Fifth Circuit answered this question rather unambiguously, by rejecting as "likely erroneous" the district court's assumption that no negligence claims could successfully be brought against the agent of a disclosed principal.  Gray II., 390 F.3d at 406 (holding that contrary rule announced in Bass v. Cal. Life Ins. Co., 581 So.2d 1087 (Miss. 1991) was limited to narrow case of claims against insurance agents and adjusters).

The same analysis disposes of the instant case, and the Court agrees with the plaintiffs that, under Gray II, the complaint properly states a viable cause of action against the in-state defendant. Accordingly, the motion for remand is GRANTED.  A separate order to that effect shall issue this day.

This is the 2nd day of June, 2005.

    /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**